Case 2:22-cv-00068 Document 25 Filed on 01/23/23 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREGORIO GARCIA, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00068 |
| | § | |
| M. CROW, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On May 13, 2022, United States Magistrate Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 12), recommending that Plaintiff's action be dismissed and counted as a strike. Plaintiff timely filed his objections (D.E. 21) to the M&R, each of which is addressed below.

First, Plaintiff objects to the M&R's finding regarding Warden M. Crow's supervisor liability and cites *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995), to support that Warden Crow's failure to act constituted deliberate indifference. D.E. 21, pp. 1-2. Several of the categories from *Colon* regarding supervisor liability for deliberate indifference were abrogated by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *Walker v. Collier*, No. 6:17CV166, 2019 WL 1421152, at *11 (E.D. Tex. Mar. 28, 2019). "The law concerning *respondeat superior* liability in the Fifth Circuit provides that a supervisory official may only be held

1 / 6

liable under § 1983 if (1) he affirmatively participates in the acts which cause the constitutional deprivation or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Id*. (citing *Zadeh v. Robinson*, 902 F.3d 483, 497 (5th Cir. 2018)).

The Magistrate Judge properly applied the Fifth Circuit standard for supervisor liability under § 1983 and Plaintiff's contentions that the Warden failed to investigate or act after the incident occurred do not support that the Warden was directly responsible for causing the alleged violations. Plaintiff's first objection is therefore **OVERRULED**.

Second, Plaintiff also claims that Warden Crow violated Texas statutes by failing to act. D.E. 21, p. 2. As a preliminary matter, this issue was not raised prior to the M&R and was therefore waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). In addition, a violation of state law, without more, will not justify federal judicial intervention through § 1983. *Smith v. Sullivan*, 611 F.2d 1039, 1045 (5th Cir. 1980). Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects that Defendants did not follow the proper grievance procedures in evaluating his claims. D.E. 21, pp. 2-3. He mentions relevant Texas statutes but does not address the M&R's finding that a failure to follow regulations or policies regarding grievance procedures does not amount to a constitutional violation under § 1983. *See* D.E. 12, p. 12. And these alleged state statutory violations do not alone constitute proper § 1983 claims. *Smith,* 611 F.2d at 1045. Plaintiff's third objection is improper and is therefore **OVERRULED**. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)

(to be considered, the objection must point out with particularity the error in the magistrate judge's analysis).

Fourth, Plaintiff repeats that he is suing specifically for reckless endangerment. D.E. 21, p. 3. Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Reckless endangerment is not tied to a constitutional right and is therefore not a cognizable claim under § 1983. *See, e.g., Green v. James*, No. 1:08-CV-05 (WLS), 2009 U.S. Dist. LEXIS 127810, at *5 (M.D. Ga. 2009) (finding that while the plaintiff sued for deliberate indifference, reckless endangerment, and negligence under § 1983, only the claim for deliberate indifference is tied to a constitutional right and was therefore able to proceed). Plaintiff's fourth objection is **OVERRULED**.

Fifth, Plaintiff asserts that Garza West medical did not respond to his request for medical attention while he was in quarantine for COVID-19. D.E. 21, p. 3. His objection does not address the M&R's finding that Plaintiff failed to allege that the named Defendants denied him healthcare and failed to name any medical staff as defendants. *See* D.E. 12, p. 15 n.3. His fifth objection is therefore **OVERRULED**.

Sixth, Plaintiff re-urges that Defendants had knowledge of the risks related to COVID-19 and did not follow protocol, restating the facts before the Magistrate Judge. D.E. 21, pp. 3, 5. He makes the conclusory statement that Defendants acted with malicious intent. *Id.* Plaintiff fails to allege that Defendants were aware that someone in the incoming

group of inmates tested positive for COVID-19 prior to being moved to the Garza West Unit. Further, the facts do not indicate that Defendants acted recklessly or with the intent to cause harm. Plaintiff's sixth objection is **OVERRULED**.

Seventh, Plaintiff restates the facts before the Magistrate Judge surrounding the toilet water allegation and cites *Gaston v. Coughlin,* 249 F.3d 156, 166 (2d Cir. 2001), which supports that even where it only lasted several days, a prison corridor being filled with sewage can still constitute cruel and unusual punishment. *See* D.E. 21, p. 5. However, the reasoning in *Gaston* specified that the prison officials knowingly allowed this area to remain uncleaned. 249 F.3d at 166. Here, Plaintiff has not alleged facts to indicate that the named Defendants were aware of the risks posed to Plaintiff or that they chose to disregard such risk. Plaintiff's seventh objection is therefore **OVERRULED**.

Eighth, Plaintiff argues that his rodent claim should not be dismissed, and states that rodents carry diseases and are responsible for millions of deaths. D.E. 21, p. 5. This objection does not address the Magistrate Judge's finding that Plaintiff failed to allege specific physical injuries that he incurred because of the mice. To support his argument, Plaintiff cites *Benjamin v. Fraser*, an overruled case that found that there was no constitutional violation for the infestation of rodents that occurred at the residential areas of a pretrial detention center because the center took steps to alleviate the poor conditions by starting a pest control program. *See Benjamin*, 343 F.3d 35, 57 (2d Cir. 2003), *overruled by Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). In addition to providing a result contrary to his argument and having been overruled, this case does not provide support to

contradict the M&R's finding that Plaintiff failed to offer facts indicating that any named Defendant was aware of the risk posed to Plaintiff by the mice or that they disregarded such risk. Plaintiff failed to adequately address the factual and legal findings of the M&R and his eighth objection is **OVERRULED**.

Ninth, Plaintiff objects to the M&R by discussing the applicability of qualified immunity to his claims. D.E. 21, pp. 4-6. However, the M&R recommended the dismissal of claims for monetary damages against the TDCJ Defendants because of *sovereign* immunity under the Eleventh Amendment; nothing in the Magistrate Judge's analysis depends on qualified immunity, so this objection is improper. *See Malacara*, 353 F.3d at 405. Plaintiff's ninth objection is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Plaintiff's § 1983 claims for money damages against Warden Crow and Assistant Warden Wysocki in their official capacities are **DISMISSED** as barred by the Eleventh Amendment;

(2) Plaintiff's claims seeking injunctive relief against Defendants in their individual and official capacities are **DIMISSED**; and,

(3) Plaintiff's remaining claims against Defendants in their individual capacities for monetary relief are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

(4) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

ORDERED on January 23, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE